J-S87037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: M.W.R.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: K.W.W., FATHER | No. 1028 MDA 2016 |

Appeal from the Order Entered May 24, 2016
In the Court of Common Pleas of Dauphin County
Orphans' Court at No(s): 023-AD-2016 CP-22-DP-67-2014

BEFORE: LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 19, 2016**

K.W.W. (Father)[1] appeals from the trial court's order involuntarily terminating his parental rights to his minor daughter, M.W.R.R. (born 11/2013) and changing M.W.R.R.'s placement goal to adoption.[2]    In

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Child's guardian *ad litem* joins in the brief filed by Appellee, Dauphin County Social Services for Children and Youth, agreeing with its position that termination of Father's parental rights is in the best interest of Child.

[2] When reviewing a trial court's decision to grant or deny a termination of parental rights petition, an appellate court should apply an abuse of discretion standard, accepting the findings of fact and credibility determinations if they are supported by the record, and reversing only if the trial court made an error of law or abused its discretion. *In re D.C.D.*, 105 A.3d 662, 670-71 (Pa. 2014), *citing In re Adoption of S.P.*, 47 A.2d 817, 826 (Pa. 2012).  "A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice,

*(Footnote Continued Next Page)*

addition, Father's counsel has filed an application to withdraw on appeal, together with an ***Anders***[3] brief, averring the appeal is frivolous. After careful review, we affirm and grant counsel's application to withdraw.[4]

_____
*(Footnote Continued)*

bias, or ill-will." ***Id.*** An appellate court employs a *de novo* standard of review, however, when faced with questions of law, such as whether an agency must provide reasonable services to a parent before a court may grant a petition seeking termination of parental rights. ***In re Adoption of S.E.G.***, 901 A.2d 1017 (Pa. 2006).

[3] ***Anders v. Santiago***, 386 U.S. 738 (1967).

[4] Father's counsel has filed an application for leave to withdraw. ***See In re V.E.***, 611 A.2d 1267 (Pa. Super. 1992) (extending ***Anders*** briefing criteria to appeal from decrees involuntarily terminating parental rights). To withdraw, counsel must: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous, (2) furnish a copy of the ***Anders*** brief to the appellant, and (3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention. ***In the Interest of J.J.L.***, 2016 PA Super 249, at *8 (Pa. Super. filed Nov. 15, 2016). We further review counsel's ***Anders*** brief for compliance with the requirements set forth in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). In his brief, counsel must also: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. ***Id.*** We conclude that counsel has satisfied the first requirement of ***Anders*** by filing a motion to withdraw, wherein he asserts that he has made a conscientious review of the record and determined the appeal would be frivolous. Likewise, counsel has satisfied the second requirement by filing an ***Anders*** brief that complies with the requirements set forth in ***Santiago***, *supra*. With respect to the third requirement, counsel has attached to the motion to withdraw a copy of the letter sent to Father advising him of his rights, and enclosed a copy of
*(Footnote Continued Next Page)*

In February 2014, when Child was three months old, Dauphin County Social Services for Children and Youth ("Agency") was notified that Child's parents were using illegal drugs. Parents tested positive for opiates, oxycodone, benzodiazepines, and marijuana. In May 2014, the Agency received court-ordered protective custody of Child. On May 19, 2014, Child was adjudicated dependent as a result of Parents overdosing on heroin and being arrested. Child was placed in a pre-adoptive foster home where she currently resides. The Agency implemented a family service plan ("FSP") for Parents to promote their reunification with Child. Father's FSP objectives required him to:

- Attend all court hearings, agency meetings, and treatment plan meetings;
- Cooperate with the Agency and comply with its directives;
- Participate in all scheduled visits with Child;
- Participate in Child's health care appointments;
- Participate in family reunification services;
- Maintain safe, sanitary housing;
- Obtain a drug/alcohol evaluation;
- Complete all recommended drug treatment plans; and
- Refrain from using illegal drugs.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

the **Anders** brief. Hence, we conclude that counsel has complied with the **Anders** requirements and proceed to a review of the merits.

Over the following months, Father successfully completed an inpatient drug/alcohol treatment program; however, he achieved no other FSP objectives. In August 2014, Father was incarcerated for various probation violations. The following month, Father was hospitalized for another heroin overdose. Father failed to participate in permanency review hearings held in August and November 2015. On April 6, 2016, the Agency petitioned for the involuntary termination of Father's parental rights on the basis of 23 Pa.C.S. 2511(a)(1), (2), (5), (8) and (b) of the Adoption Act.[5] Subsequently, Father expressed his intention to voluntarily relinquish his parental rights to Child. At Father's request, the court arranged for Father to participate in the termination proceeding via teleconference. However, on the scheduled date of the termination hearing, Father decided not to participate and, instead, chose to participate in recreational activities in prison.

After the hearing, at which the Agency presented evidence, the trial court found, by clear and convincing evidence, that termination was proper and in Child's best interests. On May 24, 2016, the court entered its order terminating Father's parental rights to Child and changing the goal to adoption. This timely appeal follows. On appeal, Father presents the following issue for our review: Did the trial court abuse its discretion, or commit an error of law by ordering a goal change to adoption and the

---

[5] 23 Pa.C.S. §§ 2101-2910.

involuntary termination of [F]ather's parental rights, although the agency failed to make reasonable efforts to enable [F]ather to achieve timely reunification with his child?

Father claims that the Agency was "required to make reasonable efforts – over a reasonable period of time – to promote [his] reunification with [C]hild." Appellant's Brief, at 8. Because the Agency did not transport the Child to his place of confinement for visits, Father asserts that he was unable to form a bond with Child. Father claims that to terminate his rights under such circumstances was an abuse of discretion.

In **In re D.C.D.**, **supra**, our Supreme Court held that:

Neither subsection (a) nor (b) [of 23 Pa.C.S. § 2511] requires a court to consider the reasonable efforts provided to a parent prior to termination of parental rights. Nevertheless, the provision or absence of reasonable efforts may be relevant to a court's consideration of both the grounds for termination and the best interests of the child. For example, as applicable to subsection (a)(2), a court may find an agency's lack of assistance to a parent relevant to whether a parent's incapacity cannot or will not be remedied by the parent. 23 Pa.C.S § 2511(a)(2).

\* \* \*

[T]he Pennsylvania legislature [also] has not incorporated reasonable efforts into the language of 23 Pa.C.S. § 2511(a)(2), and it would be improper and, indeed, unwise for this Court to add such an element to the statute by judicial fiat.

\* \* \*

We also do not find reasonable efforts are required prior to termination when Section 2511 of the Adoption Act, entitled "Grounds for termination," is read in conjunction with Section

- 5 -

> 6351 of the Juvenile Act, entitled "Disposition of dependent child." Rather, we conclude that the Superior Court and Father conjured a requirement in Section 6351(f)(9), when none exists. Instead of a requirement to provide reasonable efforts prior to the filing of a termination petition, Section 6351 actually creates an exception that excuses the filing of an otherwise required termination petition[.]

*Id.* at 672-73. Accordingly, proof that the Agency made reasonable efforts to reunify Father with Child was not a prerequisite to ordering termination of his parental rights. *In re D.C.D.*, *supra*.

However, even if the statute required that the Agency expend such efforts prior to termination, the record supports the fact that the Agency attempted to facilitate Father's compliance with his FSP and aid in his reunification with Child. The Agency referred Father to drug and alcohol treatment programs and parenting programs. It also attempted to arrange visits with Child and Father after he was released from rehabilitation. In fact, it was a result of Father's failure to inform the Agency that he had moved to Maryland that prevented the Agency from facilitating more visits.

In sum, Father's continued incapacity to perform his parental duties, due to his heroin addiction and repeated incarcerations, caused Child to be without essential care necessary for her physical and mental well-being. As a result, the court properly terminated Father's parental rights under section 2511(a)(2). *See In re Z.P.* (Pa. Super. 2010) (termination proper under section 2511(a)(2) where father was incarcerated prior to child's birth, had history of drug and alcohol abuse and arrests, and needs and welfare of child would be met by termination); *see also* 23 Pa.C.S. § 2511(a)(2) (rights of

parents in regard to child may be terminated where "[t]he repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.").

Order affirmed. Petition to withdraw granted.[6]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016

_____

[6] Although Father references section 2511(b) on page 13 of his appellate brief, he does so only to acknowledge that in order to terminate parental rights a court must consider the effect of the termination on the child. Father makes no claim or legal argument regarding that prong of the termination analysis in the instant case. Therefore, we have confined our review to section 2511(a).